IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HENRY MORALES, | § | No. 5:16-CV-1067-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| ALLSTATE FIRE AND CASUALTY | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |
| _____ | § | |

ORDER DENYING WITHOUT PREJUDICE MOTION TO DISMISS;
ADMINISTRATIVELY CLOSING CASE

The matter before the Court is Defendant Allstate Fire and Casualty Insurance Company's ("Allstate") Verified Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction.  (Dkt. # 4.)  Pursuant to Local Rule CV-7(h) the Court finds this matter suitable for disposition without a hearing.  After careful consideration of the memoranda filed in support of and in opposition to the motion, the Court, for the reasons that follow, **DENIES WITHOUT PREJUDICE** Allstate's motion to dismiss, and **ADMINISTRATIVELY CLOSES** this case.

BACKGROUND

Allstate issued a homeowners insurance policy, No. 916606846 ("the policy"), to Plaintiff Henry Morales, for the effective dates of December 16, 2015, to December 16, 2016, on property located at 6922 Accolon, San Antonio, Texas

78229 ("the property").  (Dkt. # 4-1.)  On May 23, 2016, Plaintiff reported a claim to Allstate for alleged damages to his home during a hail storm on April 12, 2016.  (Dkt. # 1-3 at 3.)  On May 31, 2016, an independent adjuster for Allstate, Elena Casey ("Casey"), inspected Plaintiff's home.  (Id.; Dkt. # 4 at 4.)  According to Allstate, Casey's inspection revealed minor hail damage to the air conditioning coils on three window units, less than ten hail hits per square on three slopes of the roof, and no damage to the interior of the home.  (Dkt. # 4 at 4.)  Plaintiff contends that Allstate paid him a "severe under-adjustment" for the claim in the amount of $1,469.27.  (Dkt. # 7 at 2.)

Thereafter, on June 9, 2016, Plaintiff hired a public adjuster; the public adjuster estimated damages to the property in the amount of $14,783.03. (Id.)  Plaintiff submitted a copy of the estimate to Allstate on June 21, 2016; according to Plaintiff, Allstate acknowledged receipt of the estimate on July 12, 2016.  (Id.)  Upon reviewing the public adjuster's estimate, Allstate conducted a re-inspection of the property on July 29, 2016.  (Id.)  According to Allstate, its independent adjuster, Ashley Wade, found minor additional hail damage, and a supplemental payment of $363.63 was paid to Plaintiff.  (Id. at 2–3; Dkt. # 4 at 4.)

Plaintiff alleges that he was forced to hire an attorney to assist him with his claim "[b]ased on [Allstate's] adjuster's improper and substandard re-inspection and adjustment."  (Dkt. # 7 at 3.)  On September 19, 2016, Plaintiff filed

suit against Allstate in the 57th Judicial District Court of Bexar County, Texas.

(Dkt. # 1-3.)  Allstate timely removed the case to this Court on October 26, 2016.

(Dkt. # 1.)  On November 2, 2016, Allstate filed the instant motion to dismiss

Plaintiff's claims.  (Dkt. # 4.)  Plaintiff filed a response in opposition on November

15, 2016 (Dkt. # 7); Allstate filed a reply on November 23, 2016.  (Dkt. # 8.)

APPLICABLE LAW

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a

complaint for "lack of subject-matter jurisdiction."  When evaluating a Rule

12(b)(1) motion, the Court may dismiss a suit "for lack of subject matter

jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the

complaint supplemented by undisputed facts evidenced in the record; or (3) the

complaint supplemented by undisputed facts plus the court's resolution of disputed

facts."  Freeman v. United States, 556 F.3d 326, 334 (5th Cir. 2009) (quoting

Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)).

Where "the defense merely files a Rule 12(b)(1) motion, the trial court

is required merely to look to the sufficiency of the allegations in the complaint

because they are presumed to be true."  Paterson v. Weinberger, 644 F.2d 521, 523

(5th Cir. 1981).  In such a case, "review is limited to whether the complaint is

sufficient to allege the jurisdiction."  Id.  The "plaintiff bears the burden of proof

3

that jurisdiction does in fact exist."  <u>Menchaca v. Chrysler Credit Corp.</u>, 613 F.2d

507, 511 (5th Cir. 1980).

<u>ANALYSIS</u>

Allstate moves to dismiss Plaintiff's complaint on the basis that

subject matter jurisdiction is lacking because Plaintiff has failed to satisfy an

express condition precedent prior to filing suit.  (Dkt. # 4 at 5.)  Specifically,

Allstate alleges that Plaintiff failed to return and sign a sworn proof of loss

("POL") in accordance with the express language of his insurance policy.  (<u>Id.</u>)

According to Allstate, its new no-action, or "Action Against Us" clause,

"specifically requires the insured to send Allstate a signed and sworn POL at least

91 days before suing Allstate."  (<u>Id.</u> at 6.)

The provision at issue in the policy states:

13.  **Action Against Us**

No one may bring an action against us in any way related to the
existence or amount of coverage, or the amount of loss for which
coverage is sought, under a coverage to which Section I Conditions
applies, unless: . . .

c) in the event that **you** and **we** fail to agree on the amount of loss
claimed by **you**, unless **you** have previously provided us a signed
sworn proof of loss, it is a condition under this **Action Against Us**
provision that no later than 91 days prior to commencing any action
against **us** that **we** receive from **you** a signed sworn proof of loss,
which contains [certain specific information].

d) If after **we** receive **your** proof of loss as described in paragraph c)
above, you and we are still not able to agree on the amount of loss,

4

then either party may make a written demand for an appraisal, . . . .  If this demand for appraisal is made before an action is filed against us in a court of competent jurisdiction, then appraisal must occur before a suit can be filed against **us**.  If the demand for appraisal is made after an action has been filed against us in a court of competent jurisdiction, then the parties agree to ask the court to abate further proceeding of that action until the appraisal is completed and a determination of the amount of loss is made . . . .

(Dkt. # 4-1 at 13 (emphasis in original).)

In response, Plaintiff admits that he did not send a POL to Allstate prior to filing suit, but he nonetheless demonstrated substantial compliance with the POL provision in the policy.  (Dkt. # 8 at 3.)  Plaintiff contends that by submitting his public adjuster's estimate with detailed information regarding his claim and the property, he substantially complied with the purpose of the POL.  (Id. at 4.)

"It is well settled that the general rules of contract construction apply to the interpretation of insurance contracts."  Progressive Cnty. Mut. Ins. Co. v. Sink, 107 S.W.3d 547, 551 (Tex. 2003).  "If a contract as written can be given a definite and certain legal meaning, then it is unambiguous as a matter of law."  Id. (quotation marks omitted).  "However, an insurance contract is ambiguous and will be interpreted in the manner that most favors coverage if it is subject to more than one reasonable interpretation."  Id. (quotation marks omitted).

The Court finds that the "Action Against Us" language in the policy is unambiguous.  The language explicitly requires Plaintiff to file a sworn signed

POL at least 91 days prior to filing suit in court.  (See Dkt. # 4-1 at 13.)  Plaintiff admits that he did not comply with this provision.  Despite Plaintiff's contention that he substantially complied with this requirement when he sent Allstate the public adjustor's estimate, this information was unsworn and did not contain Plaintiff's signature.  Accordingly, the Court finds subject matter jurisdiction is lacking due to Plaintiff's failure to satisfy a condition precedent in the policy prior to filing suit.

Plaintiff requests that the Court abate this case should it find he failed to satisfy a condition precedent.  (See Dkt. # 7 at 4); Wofford v. Allstate Ins. Co., No. Civ. A. 304CV2699-M, 2005 WL 755761, at *3 (N.D. Tex. Apr. 4, 2005) ("According to long-standing precedent, the proper remedy for failure to satisfy an insurance policy's conditions precedent is abatement of the lawsuit." (citing Farnsworth v. Massey, 365 S.W.2d 1, 4 (Tex. 1953))).  Upon review, however, the Court finds that an administrative closure of the case is appropriate at this time. An administrative closure is "a postponement of proceedings," rather than "a termination."  S. La. Cement, Inc. v. Van Aalst Bulk Handling, B.V., 383 F.3d 297, 302 (5th Cir. 2004).  A case that is administratively closed "may be reopened upon request of the parties or on the court's own motion."  Mire v. Full Spectrum Lending Inc., 389 F.3d 163, 167 (5th Cir. 2004).

<u>CONCLUSION</u>

Although subject matter jurisdiction is lacking at this time, the Court will **DENY WITHOUT PREJUDICE** Allstate's Verified Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. # 4), and **ADMINISTRATIVELY CLOSE** this case for 120 days in order to allow Plaintiff to comply with the condition precedent required in the policy.  Should Plaintiff fail to comply, or should the parties settle the dispute during that time, the case will be automatically dismissed with prejudice after 120 days.  Accordingly, the Clerk's office is **DIRECTED** to **ADMINISTRATIVELY CLOSE** this case.  Though administratively closed for 120 days, this case will remain on the docket of this Court and may be reopened upon request of any party or on the Court's own motion during this time.

**IT IS SO ORDERED**.

**DATED**: San Antonio, Texas, February 6, 2017.

David Alan Ezra
Senior United States Distict Judge